**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone:   (213) 384-6964
Facsimile:   (213) 383-7368
E-Mail:      maimons@aol.com

Attorney for Defendant
JOSEF ESSAVI, in individual
and representative capacity as
Trustee of the Carraso Family
Trust dated November 30, 2005,
as amended

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN MINASSIAN,<br><br>Plaintiff,<br><br>v<br><br>JOSEF ESSAVI, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT** |

1. Defendant JOSEF ESSAVI, in individual and representative capacity as Trustee of the Carraso FamilyTrust dated November 30, 2005, as amended ("Defendant"), hereby removes to this Court the attached original state civil complaint entitled Armen Minassian v Josef Essavi, in individual and representative capacity as Trustee of the Carraso Family Trust dated November 30, 2005, as amended and Does 1-500, Los Angeles Superior Court Case No. 23BBCV01400. A copy of the original civil complaint filed by the Plaintiff ARMEN MINASSIAN ("Plaintiff") is attached hereto as Exhibit "A".

1. The action is a civil action commenced against the Defendant by the Plaintiff for damages and injunctive relief for alleged violations of the Unruh Civil Rights Act, California Civil Code Sections 51-53, and the California Disabled Persons Act, California Civil Code Section 54.1, regarding the Defendant's commercial real property commonly known as the STUDIO LODGE HOTEL located at 11254 Vanowen Street, North Hollywood, CA 91606 ("Hotel").

2. Subject matter jurisdiction exists to remove the matter pursuant to 28 U.S.C. Section 1441©(1)(A), as the question of the allegations of such statutes is inextricably bound up with the federal question of whether the defendant violated federal law as stated on the face of the complaint, the American Disabilities Act ("ADA").

3. The removal of this action is timely as it is made within thirty (30) days from when the Defendant received and was attempted to be sub served with the complaint, July 12, 2023, at Defendant's leased real property which is not the subject hotel and which was not attempted to be perfected until subsequent mailing to the hotel thereafter, and which also extended the time to respond by ten (10) days.

1    Thus, this removal is timely under 28 U.S.C. Section 1446(b)(1).

2    Wherefore for the reasons above, Defendant hereby removes this case from

3    the Superior Court of the State of California for the County of Los Angeles to this

4
5    federal district court.

6    Dated: August 11, 2023              LAW OFFICES OF FRANK A. WEISER

7
8                                        By: /s/ Frank A. Weiser

9                                        FRANK A. WEISER, Attorney
                                         for Defendant JOSEF ESSAVI,
10                                       in individual and representative capacity
                                         as Trustee of the Carraso Family
11                                       Trust dated November 30, 2005,
12                                       as amended

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14                    **EXHIBIT "A"**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/22/2023 11:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Oliva, Deputy Clerk

Center for Disability Access, APC
Mark Potter, Esq., SBN 166317
Bree Durso, Esq., SBN 307198
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
ADALIT@cda4access.com
Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| **Armen Minassian**,<br><br>Plaintiff,<br><br>v.<br><br>**Josef Essavi**, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended; and **DOES 1 through 50, inclusive**<br><br>Defendants. | Case No. 23BBCV01400<br><br>**UNLIMITED CIVIL CASE**<br><br>**Complaint for Damages and Injunctive Relief for Violations of:** Unruh Civil Rights Act; California Disabled Persons Act |

Plaintiff Armen Minassian complains of Josef Essavi, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended; and DOES 1 through 50, inclusive ("Defendants"), and alleges as follows:

**Parties:**

1.   Plaintiff is a California resident with physical disabilities and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff suffers from sciatica in both legs, multiple herniated discs, and a herniated lumbar. Plaintiff limps and his leg goes numb when he walks on it after short distances. Plaintiff has a disabled parking placard. Plaintiff uses a cane for mobility.

1

2.    Defendant Josef Essavi, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended, owned the real property located at or about 11254 Vanowen St., North Hollywood, California, in February 2022.

3.    Defendant Josef Essavi, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended, owns the real property located at or about 11254 Vanowen St., North Hollywood, California, currently.

4.    Defendant Josef Essavi, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended, owned Studio Lodge Hotel located at or about 11254 Vanowen St., North Hollywood, California, in February 2022.

5.    Defendant Josef Essavi, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended, owns Studio Lodge Hotel ("Hotel") located at or about 11254 Vanowen St., North Hollywood, California, currently.

6.    Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**Jurisdiction:**

7.    This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of Los Angeles.

8.    Venue is proper in this Court because Defendants conduct business in this County.

9.    Unlimited jurisdiction is proper because Plaintiff seeks a permanent

2

injunction ordering compliance with state and federal accessibility laws pursuant to the Unruh Civil Rights Act.

**Factual Allegations:**

10. Plaintiff has stayed at the Hotel since February 15, 2022, and stayed there until June 2022. The Plaintiff went to the Hotel with the intention to avail himself of its goods, services, privileges, or advantages ("Benefits").

11. The Hotel is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of Plaintiff's visit, the facility failed to comply with ADA Standards as it relates to disabled persons like the Plaintiff.

13. Plaintiff observed or encountered the following non-compliant conditions:

| Feature | Compliance Issue | Standard[1] |
|---|---|---|
| Parking | There was no accessible parking whatsoever in the parking lot. | § 208 |
| Paths of travel | There was an unramped step at the office entrance from the sidewalk of the Hotel. | § 303 |

14. The above features are all available Benefits offered to customers but not offered in conformance with the ADA standard as they relate to the Plaintiff's disability.

15. The failure to provide accessible parking denied Plaintiff full and equal access because there was no designated parking space for Plaintiff to park in.

16. The failure to provide accessible paths of travel denied Plaintiff full and equal access because the Plaintiff was not able to enter the office entrance of the Hotel without difficulty.

17. Plaintiff believes that there are other elements of the above features that likely fail to comply with the ADA Standards and seeks to have fully compliant Benefits for persons with disabilities.

18. On information and belief, the above conditions currently exist.

19. These above barriers relate to and impact the Plaintiff's disability. Plaintiff

---

[1] Cites to the 2010 ADA Standards for Accessible Design unless otherwise indicated.

3

personally encountered these barriers.

20. Plaintiff benefits from and is entitled to use accessible facilities. The above inaccessible conditions deny the Plaintiff full and equal access.

21. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

22. All of the barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice for attention and these barriers are readily achievable to remove. However, should full compliance not be readily achievable, there are numerous alternative accommodations that could be made to provide a greater level of access than presently exists.

23. Given the obvious and blatant nature of the barriers and violations alleged herein, the Plaintiff alleges that Defendants have failed to take the necessary steps to ensure removal of non-compliant architectural barriers as required by 42 U.S.C. § 12182(2)(A)(iv) and on information and belief, alleges that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. Plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

24. As the ADA has existed since 1990, and the facility is still non-compliant, Plaintiff alleges the above conditions are the result of either a policy failure or systematic negligence such that only regular audits of the facility architecture and policies will ensure future compliance.

25. Plaintiff is currently deterred from returning to the Hotel due to knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the Plaintiff will face unlawful and discriminatory barriers again. Plaintiff will return to the Hotel after the conclusion of the case to avail himself of its benefits and to confirm compliance with the disability access laws once it is represented to him that the Hotel and its facilities are accessible.

I. FIRST CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and against all Defendants.) Cal. Civ. Code § 51-53.

4

26. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

28. Given his *intent* to use the Defendants' facilities, Plaintiff had a right under the ADA to not be discriminated against, regardless of Plaintiff's *motivation* for using the facilities. Thus, Plaintiff's rights under the ADA were violated, resulting in a per se violation of the Unruh Civil Rights Act.

29. When a business provides parking, it must provide accessible parking.

30. Here, accessible parking was not provided in conformance with the ADA Standards.

31. When a business provides paths of travel, it must provide accessible paths of travel.

32. Here, accessible paths of travel were not provided in conformance with the ADA Standards.

33. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

34. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

35. Here, the failure to ensure that accessible facilities were available and ready to be used by the Plaintiff is a violation of the law.

36. The Unruh Act provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

37. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

38. Because the violation of the ADA resulted in a denial of full and equal access to the Plaintiff, the Defendants are also each responsible for statutory damages, i.e., a civil penalty. Civ. Code § 55.56(a)-(c).

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of Plaintiff and against all Defendants.) Cal. Civ. Code § 54.1.

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The California Disabled Persons Act ("CDPA") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code § 54.1.

40. The CDPA provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 54.1(d).

41. Defendants' acts and omissions, as herein alleged, have violated the CDPA by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

42. Because the violation of the ADA resulted in a denial of full and equal access to the Plaintiff, the Defendants are also each responsible for statutory damages,

6

Complaint

i.e., a civil penalty. Cal. Civ. Code § 54.3.

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to remove all presently existing architectural barriers as required by the Americans with Disabilities Act and the Unruh Civil Rights Act.[2]

2. For injunctive relief requiring that Defendants obtain biennial Certified Access Specialist ("CASp") architectural inspections of the subject facility to verify on-going compliance and follow those inspection's recommendations of all readily achievable barrier removal.

3. For injunctive relief requiring implementation of accessibility policies and requiring annual employee training on providing full and equal access to clients or customers with disabilities.

4. Damages under the Unruh Civil Rights Act or California Disabled Persons Act, which provide for up to treble actual damages and a statutory minimum of $4,000 or $1,000 respectively per violation of each Act. While Plaintiff may prevail on each act individually, Plaintiff only seeks monetary recovery under whichever act results in the greatest damages, to be determined at trial.

5. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to Cal. Civ. Code § 52 and/or § 54.1.

Dated: June 12, 2023                    CENTER FOR DISABILITY ACCESS, APC

By: _____

Mark Potter, Esq.
Attorney for Plaintiff

---

[2] Note: The plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

7

Complaint

From: Kevin McDermott    Fax: 18163088741    To: Studio Lodge Fax Text 760-Fax; (818) 760-7485.    Page: 11 of 22    07/21/2025 6:00 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 12 of 55   Page ID #:12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark Potter, Esq., SBN 166317<br>Center for Disability Access<br>Mail: 100 Pine Street. Ste. 1250, San Francisco, CA 94111<br>Delivery: 100 Pine Street, Ste. 1250, San Francisco, CA 94111<br>TELEPHONE NO: (858) 375-7385    FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name):* Plaintiff, Armen Minassian | FOR COURT USE ONLY<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/22/2023 11:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Oliva, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 300 East Olive
MAILING ADDRESS: 300 East Olive
CITY AND ZIP CODE: Burbank, CA 91502
BRANCH NAME: Burbank Courthouse

CASE NAME:
Minassian v. Josef Essavi, et al.

| CIVIL CASE COVER SHEET<br>☑ **Unlimited**    ☐ **Limited**<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | **Complex Case Designation**<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>23BBCV01400<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* 2: Unruh Civil Rights Act, California Disabled Persons Act
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 12, 2023
Mark Potter, Esq.
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 1 of 2

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

From: Kevin McDermott    Fax: 18163088741    To: Studio Lodge Fax Text 760-Fax: (818) 760-7465    Page: 12 of 22    07/21/2023 6:06 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 13 of 55   Page ID #:13

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
   Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (*non-domestic relations*)
   Sister State Judgment
   Administrative Agency Award (*not unpaid taxes*)
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-harassment*)
   Mechanics Lien
   Other Commercial Complaint Case (non-tort/non-complex)
   Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

From: Kevin McDermott    Fax: 18183088741    To: Studio Lodge Fax Text 760-7Fax: (818) 760-7485    Page: 13 of 22    07/21/2023 6:06 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 14 of 55   Page ID #:14

| SHORT TITLE | CASE NUMBER |
|---|---|
| Minassian v. Josef Essavi, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

From: Kevin McDermott        Fax: 18185688741        To: Studio Lodge Fax (ext 760-7Fax: (818) 760-7465        Page: 14 of 22    07/21/2023 6:06 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 15 of 55   Page ID #:15

| SHORT TITLE | CASE NUMBER |
|---|---|
| Minassian v. Josef Essavi, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

From: Kevin McDermott     Fax: 18183088741     To: Studio Lodge Fax Text 760-7/Fax: (818) 760-7485     Page: 15 of 22     0/12/2023 5:06 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 16 of 55   Page ID #:16

| SHORT TITLE | CASE NUMBER |
|---|---|
| Minassian v. Josef Essavi, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | **1**, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                              Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

From: Kevin McDermott     Fax: 18183088741          To: Studio Lodge Fax Text 760-/Fax: (618) 780-7485                     Page: 16 of 22     07/21/2023 6:06 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 17 of 55   Page ID #:17

| SHORT TITLE | CASE NUMBER |
|---|---|
| Minassian v. Josef Essavi, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE                         | CASE NUMBER |
|-------------------------------------|-------------|
| Minassian v. Josef Essavi, et al.   |             |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:                                                            | ADDRESS:           |
|--------------------------------------------------------------------|--------------------|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11         | 11254 Vanowen St   |

| CITY:            | STATE: | ZIP CODE: |
|------------------|--------|-----------|
| North Hollywood  | CA     | 91606     |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the   North Central Judicial District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:  06/22/2023

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

From: Kevin McDermott    Fax: 18183086741    To: Studio Loage Fax Text /60-/Fax: (818) /90-/485    Page: 18 of 22    07/21/2023 5:06 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 19 of 55   Page ID #:19

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Burbank Courthouse
300 East Olive Avenue, Rm 225, Burbank, CA 91502

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

06/22/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Oliva _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
23BBCV01400

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | John J. Kralik | B | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   David W. Slayton, Executive Officer / Clerk of Court

on 06/23/2023
   (Date)

By A. Oliva _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

From: Kevin McDermott    Fax: 18183088741    To: Studio Lodge Fax Text 760-7Fax: (818) 760-7485    Page: 20 of 22    07/21/2023 6:06 PM

Case 2:23-cv-06603-FLA-AJR    Document 1    Filed 08/11/23    Page 21 of 55    Page ID #:21

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Burbank Courthouse<br>300 East Olive Avenue, Rm 225, Burbank, CA 91502 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/23/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Oliva _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Armen Minassian | |
| DEFENDANT/RESPONDENT:<br>Josef Essavi, in individual and representative capacity as Trustee of<br>the Carasso Family Trust dated November 30, 2005 | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23BBCV01400 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Burbank, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Mark Dee Potter
Potter Handy LLP
100 Pine St., Ste. 1250
San Francisco, CA 94111


David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/23/2023         By: A. Oliva
                              Deputy Clerk


CERTIFICATE OF MAILING

From: Kevin McDermott      Fax: 1816308741      To: Studio Louge Fax Text 760-7Fax: (818) 760-7465          Page: 21 of 22    0/14/2023 5:00 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 22 of 55   Page ID #:22

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Burbank Courthouse<br>300 East Olive Avenue, Rm 225, Burbank, CA 91502 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/23/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By:_____ A. Oliva _____ Deputy |
| PLAINTIFF(S):<br>Armen Minassian | |
| DEFENDANT(S):<br>Josef Essavi, in individual and representative capacity as Trustee of th | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>23BBCV01400 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>08/31/2023</u> at <u>8:30 AM</u> in department <u>B</u> of this court, <u>Burbank Courthouse</u>
and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**John J. Kralik**

Dated: <u>06/23/2023</u>

John J. Kralik / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

From: Kevin McDermott      Fax: 18183088741      To: Studio Lodge Fax Text 760-/Fax: (818) 760-7485      Page: 22 of 22      07/21/2023 6:06 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 23 of 55   Page ID #:23

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

06/23/2023

David W. Slayton, Executive Officer / Clerk of Court

By: ___ A. Oliva ___ Deputy

COURTHOUSE ADDRESS:
Burbank Courthouse
300 East Olive Avenue, Rm 225, Burbank, CA 91502

PLAINTIFF:
Armen Minassian

DEFENDANT:
Josef Essavi, in individual and representative capacity as Trustee (

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
23BBCV01400

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/20/2023 | Time: 8:30 AM | Dept.: B |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to CCP Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

**John J. Kralik**

Dated: 06/23/2023

John J. Kralik / Judge
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Burbank , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Mark Dee Potter
100 Pine St., Ste. 1250

San Francisco, CA 94111

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/23/2023

By A. Oliva
Deputy Clerk

LACIV 132 (Rev 07/13)
LASC Approved 10-03
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

From: Kevin McDermott    Fax: 18183088741    To: Studio Longe Fax Text 760-7Fax: (818) 760-7485    Page: 2 of 31    0/721/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 24 of 55   Page ID #:24

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
    Rizalinda Minn

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                          )
                                  )
                                  )
                                  )

      On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to

       quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling

       portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission

       of documents to the Court for processing which may contain one or more PDF documents

       attached.

    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a

       document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

From: Kevin McDermott     Fax: 18183086741     To: Studio Lodge Fax Text 760-7Fax: (818) 760-7465          Page: 4 of 31     8/121/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 26 of 55   Page ID #:26

2019-GEN-014-00

    d) Documents in Related Cases

        Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

    a) The following documents shall not be filed electronically:

        i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii)    Bonds/Undertaking documents;

        iii)    Trial and Evidentiary Hearing Exhibits

        iv)    Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v)    Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b) Lodgments

        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

1    5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2    Electronic filing service providers must obtain and manage registration information for persons

3    and entities electronically filing with the court.

4    6) TECHNICAL REQUIREMENTS

5    a) Electronic documents must be electronically filed in PDF, text searchable format **when**

6       technologically feasible without impairment of the document's image.

7    b) The table of contents for any filing must be bookmarked.

8    c) Electronic documents, including but not limited to, declarations, proofs of service, and

9       exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10      3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11      item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12      bookedmarked item and briefly describe the item.

13   d) Attachments to primary documents must be bookmarked. Examples include, but are not

14      limited to, the following:

15      i)   Depositions;

16      ii)  Declarations;

17      iii) Exhibits (including exhibits to declarations);

18      iv)  Transcripts (including excerpts within transcripts);

19      v)   Points and Authorities;

20      vi)  Citations; and

21      vii) Supporting Briefs.

22   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23      encouraged.

24   f) Accompanying Documents

25      Each document acompanying a single pleading must be electronically filed as a **separate**

26      digital PDF document.

27   g) Multiple Documents

28      Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

1     h)  Writs and Abstracts

2          Writs and Abstracts must be submitted as a separate electronic envelope.

3     i)  Sealed Documents

4          If and when a judicial officer orders documents to be filed under seal, those documents must be

5          filed electronically (unless exempted under paragraph 4); the burden of accurately designating

6          the documents as sealed at the time of electronic submission is the submitting party's

7          responsibility.

8     j)  Redaction

9          Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to

10         redact confidential information (such as using initials for names of minors, using the last four

11         digits of a social security number, and using the year for date of birth) so that the information

12         shall not be publicly displayed.

13  7) ELECTRONIC FILING SCHEDULE

14     a)  Filed Date

15         i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm

16            shall be deemed to have been effectively filed on that court day if accepted for filing.  Any

17            document received electronically on a non-court day, is deemed to have been effectively

18            filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code

19            Civ. Proc. § 1010.6(b)(3).)

20         ii) Notwithstanding any other provision of this order, if a digital document is not filed in due

21            course because of:  (1) an interruption in service; (2) a transmission error that is not the

22            fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may

23            order, either on its own motion or by noticed motion submitted with a declaration for Court

24            consideration, that the document be deemed filed and/or that the document's filing date

25            conform to the attempted transmission date.

26  8) EX PARTE APPLICATIONS

27     a)  Ex parte applications and all documents in support thereof must be electronically filed no later

28          than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.



DATED: May 3, 2019                                    KEVIN C. BRAZILE
                                                     Presiding Judge

From: Kevin McDermott    Fax: 18163069741         To: Studio Lodge Fax Text 760-7Fax: (818) 760-7455         Page: 9 of 31     07/21/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 31 of 55   Page ID #:31

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

From: Kevin McDermott     Fax: 18183088741          To: Studio Lodge Fax Text 760-/Fax: (818) 760-7485          Page: 16 of 31     0/121/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 32 of 55   Page ID #:32

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

From: Kevin McDermott    Fax: 18183083741    To: Studio Lodge Fax Text 760-7Fax: (818) 780-7455    Page: 11 of 31    8/21/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR    Document 1    Filed 08/11/23    Page 33 of 55    Page ID #:33

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                                        (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

From: Kevin McDermott    Fax: 18183088791    To: Studio Lodge Fax Text 760-7Fax: (616) 760-7485    Page: 14 of 31    0/12/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 36 of 55   Page ID #:36

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

➢ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

Date: _____

➢ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

Date: _____

➢ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

| Print | Save |     | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

From: Kevin McDermott    Fax: 18183908741    To: Studio Lodge Fax Text 760-7Fax: (818) 760-7485    Page: 16 of 31    07/21/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 38 of 55   Page ID #:38

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|
| | | | |
| TELEPHONE NO.:     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

From: Kevin McDermott     Fax 1616300073J     To: Studio Lodge Fax Text 760-7/Fax: (616) 760-7485     Page: 17 of 31     0/121/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 39 of 55   Page ID #:39

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____           ➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____           ➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____           ➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

Date:

_____           ➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

Date:

_____           ➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____          _____
                                                          JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navano*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

From: Kevin McDermott        Fax: 18185388741        To: Studio Lodge Fax Text 760-7Fax: (818) 760-7485        Page: 19 of 31        07/23/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 41 of 55   Page ID #:41

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED:

5                                    Carolyn B. Kuhl, Supervising Judge of the
                                     Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

From: Kevin McDermott    Fax: 18183085791    To: Studio Lodge Fax Text 760-7-Fax: (818) 760-7485    Page: 21 of 31    07/21/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 43 of 55   Page ID #:43



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   #### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   #### Mediation may **not** be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

From: Kevin McDermott    Fax: 18163088741        To: Studio Lodge Fax Text 750-7Fax: (818) 760-7483        Page: 22 of 31        07/21/2023 8:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 44 of 55   Page ID #:44

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

From: Kevin McDermott    Fax: 18183068741    To: Studio Lodge Fax (ext 760-/Fax: (818) 760-7485    Page: 23 of 31    07/21/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 45 of 55   Page ID #:45

# ADVISORY NOTICE TO DEFENDANT
## [PER CALIFORNIA CIVIL CODE 55.54(a)(1)]

YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY STOPPING ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET CERTAIN CONDITIONS.

If the construction-related accessibility claim pertains to a site that has a Certified Access Specialist (CASp) inspection report for that site, or to a site where new construction or improvement was approved after January 1, 2008, by the local building permit and inspection process, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or with new construction after January 1, 2008), and, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the CASp report or building department approval of the new construction or improvement that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim, your liability for minimum statutory damages may be reduced to $1,000 for each offense, unless the violation was intentional, and if all construction-related accessibility violations giving rise to the claim are corrected within 60 days of being served with this complaint.

ALSO, if your business has been served with a complaint filed by a high-frequency litigant, as defined in subdivision (b) of Section 425.55 of the Code of Civil Procedure, asserting a construction-related accessibility claim, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55 of the Civil Code, you may also be entitled to a court stay and an early evaluation conference. If you choose to request a stay and early evaluation conference, you may also request to meet in person with the plaintiff and counsel for both parties, as well as experts if the parties so elect, at the subject premises no later than 30 days after issuance of the court order to jointly inspect the portions of the subject premises and review any conditions that are claimed to constitute a violation of a construction-related accessibility standard.

IN ADDITION, if your business is a small business that, over the previous three years, or the existence of the business if less than three years, employs 25 or fewer employees on average over that time period and meets specified gross receipts criteria, you may also be entitled to the court stay and early evaluation conference and your minimum statutory damages for each claim may be reduced to $2,000 for each offense, unless the violation was intentional, and if all the alleged construction-related accessibility violations are corrected within 30 days of being served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take pictures and measurements or similar action to document the condition of the physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

[If you are not a defendant with a CASp inspection report, until a form is adopted by the Judicial Council, you may use the attached form if you modify the form and supplement it with your declaration stating any one of the following:

(1) Until January 1, 2018, that the site's new construction or improvement on or after January 1, 2008, and before January 1, 2016, was approved pursuant to the local building permit and inspection process; that, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the building department approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and that all violations giving rise to the claim have been corrected, or will be corrected within 60 days of the complaint being served.

(2) That the site's new construction or improvement passed inspection by a local building department inspector who is a certified access specialist; that, to the best of your knowledge, there have been no modifications or alterations completed or commenced since that inspection approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and that all violations giving rise to the claim have been corrected, or will be corrected within 60 days of the complaint being served.

1

From: Kevin McDermott     Fax: 18185088741          To: Studio Lodge Fax Text 760-/Fax: (818) 760-7485          Page: 24 of 31     8/21/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 46 of 55   Page ID #:46

(3) That your business is a small business with 25 or fewer employees and meets the gross receipts criteria set out in Section 55.56 of the Civil Code, and that all violations giving rise to the claim have been corrected, or will be corrected within 30 days of being served with the complaint.]

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

From: Kevin McDermott     Fax: 18183888741     To: Studio Lodge Fax Text 760-/Fax: (818) 760-7455          Page: 25 of 51     07/21/2023 8:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 47 of 55   Page ID #:47

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
# ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW: ATTORNEY MISCONDUCT.** Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION**
**FOR BUILDING OWNERS AND TENANTS**
(Disability Access Litigation)

Civil Code, § 55.3
*www.courts.ca.gov*

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

DAL-005 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS**
(Disability Access Litigation)

Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.   | Print this form |   | Save this form |   | Clear this form |

From: Kevin McDermott     Fax: 18185068741     To: Studio Lodge Fax Text 760-7Fax: (818) 760-7465     Page: 27 of 31     07/21/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 49 of 55   Page ID #:49

DAL-005

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NO.: | | FOR COURT USE ONLY |
|---|---|---|---|
| NAME: | | | |
| FIRM NAME: | | | |
| STREET ADDRESS: | | | |
| CITY: | STATE: | ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | | |
| E-MAIL ADDRESS: | | | |
| ATTORNEY FOR (name): | | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF |
|---|
| DEFENDANT: |

| DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR ☐ STAY AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm.)*

1. Defendant *(name):*                                   requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

   a. ☐  **CASp-Inspected Site**

      (1) ☐  Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and

      (2) ☐  An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

   b. ☐  **New Construction**

      (1) ☐  Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;

      (2) ☐  To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and

      (3) ☐  All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

   c. ☐  **Small Business**

      (1) ☐  Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f):

      (2) ☐  All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and

      (3) ☐  Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.

      (4) ☐  I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*

         ☐  Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and

         ☐  Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Page 1 of 2

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS
AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION
(Disability Access Litigation)**
Civil Code, § 55.54
www.courts.ca.gov

From: Kevin McDermott    Fax: (818) 508-6491    To: Studio Lodge Fax Text /60-/Fax: (818) /60-/485    Page: 28 of 31    07/21/2023 6:10 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 50 of 55   Page ID #:50

**DAL-005**

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

3. d. ☐ **Case Filed by High-Frequency Litigant**

    (1) ☐ Site is owned or occupied by a defendant that is a business.

    (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55.

    (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

4. Defendant requests that the court:

    a. Stay the proceedings relating to the construction-related accessibility claim.

    b. Schedule an early evaluation conference.

    c. Order defendant to:

        (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least 15 days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

        (2) File with the court and serve on plaintiff evidence showing correction of all violations within 10 days of completion of the correction or, if seeking relief as a small business, within 10 days after issuance of a court order granting a stay.

    d. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least 15 days before the date of the early evaluation conference.

    e. ☐ Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date: _____

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

### DECLARATION OF DEFENDANT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS
AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION
(Disability Access Litigation)**

From: Kevin McDermott    Fax: 18163105791    To: Studio Lounge Fax Text 760-7-Fax: (616) 760-7485    Page: 25 of 31    8/12/2023 5:19 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 51 of 55   Page ID #:51

DAL-010

| ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| NAME: | STATE BAR NO.: | |
| FIRM NAME: | | |
| STREET ADDRESS: | | |
| CITY: | STATE: ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| NOTICE OF ☐ STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION (Disability Access Litigation) | CASE NUMBER: |
|---|---|

### Stay of Proceedings

For a period of 90 days from the date of the filing of this court notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claim or claims in this case.

This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is still in place.

1. This action includes a construction-related accessibility claim under Civil Code section 55.52(a)(1) or other provision of law.

### Notice of Early Evaluation Conference

2. A defendant has requested an early evaluation conference and a stay of proceedings under Civil Code section 55.54.

3. The early evaluation conference is scheduled as follows:

| a. Date: | Time: | Dept.: | Room: |
|---|---|---|---|

  b. The conference will be held at ☐ the court address shown above ☐ the following address.

4. The plaintiff and defendant must attend with any other person needed for settlement of the case unless, with court approval, a party's disability requires the party's participation by a telephone appearance or other alternate means or through the personal appearance of an authorized representative.

5. The defendant who requested the conference and stay of proceedings must serve on all parties and file with the court the following:
  a. *(For a defendant applying under CASp-Inspected Site section)* A copy of the CASp report for the site that is the subject of the construction-related accessibility claim. Defendant must serve and file the report at least 15 days before the date set for the early evaluation conference. The CASp report is confidential and only available as set forth below and in Civil Code section 55.54(d)(4).
  b. *(For a defendant applying under New Construction section)* Evidence showing the correction of all violations giving rise to the construction-related accessibility claim within 60 days of the service of the complaint. Defendant must serve and file the evidence within 10 days following completion of the corrections.
  c. *(For a defendant applying under Small Business section)* Evidence, if not previously served and filed, showing the correction within 30 days of the service of the complaint of all violations giving rise to the construction-related accessibility claims. Defendant must serve and file the evidence within 10 days of issuance of this order.

6. The CASp report must be marked "CONFIDENTIAL" and may be disclosed only to the court, the parties to the action, the parties' attorneys, those individuals employed or retained by the attorneys to assist in the litigation, and insurance representatives or others involved in the evaluation and settlement of the case. *(File the court's copy attached to* Confidential Cover Sheet and Declaration *(form DAL-006).)*

Form Adopted for Mandatory Use
Judicial Council of California
DAL-010 [Rev. July 1, 2016]

**NOTICE OF STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION (Disability Access Litigation)**

Civil Code, § 55.54
www.courts.ca.gov

**DAL-010**

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

7.  The plaintiff must at least 15 days before the date set for the early evaluation conference serve and file a statement of, to the extent known, all of the following:

   a.  An itemized list of specific issues on the subject premises that are the basis of the claimed construction-related accessibility violations in the plaintiff's complaint;

   b.  The amount of damages claimed;

   c.  The amount of attorney's fees and costs incurred to date, if any, that are being claimed; and

   d.  Any demand for settlement of the case in its entirety.

### Notice of Joint Inspection
*(only applies if boxes are checked)*

8.  ☐ A defendant has requested a meeting with plaintiff to jointly inspect the site that is the subject of the construction-related accessibility claim.

9.  ☐ Plaintiff and plaintiff's counsel, if any, must, within 30 days of the date this notice is issued, meet in person with defendant at the site to jointly inspect the premises and review any programmatic or policy issues that are claimed to constitute a violation of a construction-related accessibility standard. (See Civ. Code, § 55.54(d)(6).)

10. If plaintiff is unable to meet in person at the site, he or she may move the court or apply for leave to be excused or to appear telephonically or by other means. (See Civ. Code, § 55.54(d)(6).)

### Service of Notice

11. A copy of this notice and defendant's application must be served on the plaintiff by hand-delivering it or mailing it to the address listed on the complaint of plaintiff's attorney or plaintiff, if without an attorney, within 10 days of date that the court issues the *Notice of Stay of Proceedings and Early Evaluation Conference, Joint Inspection.* Defendant must file proof of service with the court at least 15 days before the date of the conference. *Proof of Service–Disability Access Litigation* (form DAL-012) may be used to show service of the documents.

Date:                                     Clerk, by _____ , Deputy

> *More information about this Notice and Order and the defendant's application, and instructions to assist plaintiff and defendants in complying with this Notice and Order, may be obtained at www.courts.ca.gov/selfhelp.*



### Request for Accommodation

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the date on which you are to appear. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons with Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)



# POTTER HANDY, LLP

A Law Firm

100 Pine St., Ste. 1250
San Francisco CA 94111

Mark Potter
Mark@potterhandy.com
Phone: (858) 375-7385

## NOTICE OF CONSENT TO ELECTRONIC SERVICE

To Whom it May Concern:

Please take notice that pursuant to Cal. Code of Civil Procedure § 1010.6 (as amended 2021), our office consents to electronic service of process for documents pertaining to the case in which this document was served, provided the following procedures are followed:

1. Any document served, in addition to an attorney of record on the matter, must be emailed to serve@potterhandy.com.
2. If the document is being served in response to a document received from, or filed by, our office — such as a motion or discovery response — the individual who signed the motion or discovery request to which you are responding must be included in the list of recipients.
3. The e-mail should clearly note in the subject the documents being served (e.g. "Electronic Service of Defendant's Answer")

This is an optional avenue of service available to anyone preferring to utilize electronic service as allowed by California law. We will of course continue to accept service by other traditional means provided for by law.

Should you wish to accept electronic service, please provide the e-mail addresses for the individuals that may be served to serve@potterhandy.com.

Respectfully submitted,

Mark Potter

From: Kevin McDermott     Fax: 18183088743     To: Studio Lodge Fax Text /60-778x: (818) 700-1499     Page: 2 of 22     0/121/2023 6:00 PM

Case 2:23-cv-06603-FLA-AJR   Document 1   Filed 08/11/23   Page 54 of 55   Page ID #:54

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Josef Essavi, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended, (see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Armen Minassian

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/26/2023 10:42 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Hernandez, Deputy Clerk**

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Burbank Courthouse

300 East Olive, Burbank, CA 91502

</td><td>

CASE NUMBER: *(Número del Caso):*

**23BBCV01400**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark Potter, Esq., Center for Disability Access, 100 Pine Street, Ste. 1250, San Francisco, CA 94111 (858) 375-7385

<table>
<tr><td>

DATE:
*(Fecha)*   06/26/2023

</td><td>

Clerk, by   David W. Slayton, Executive Officer/Clerk of Court   , Deputy
*(Secretario)*      J. Hernandez     *(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served

1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* Josef Essavi, in individual and representative capacity as Trustee of the Carasso Family Trust dated November 30, 2005, as amended

   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [x] other *(specify):*  Trustee

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

From: Kevin McDermott    Fax: 18183088741    To: Studio Loage Fax Text /60-/Fax: (818) /50-/683    Page: 3 of 22    8/12/2023 6:06 PM

| | **SUM-200(A)** |
|---|---|
| SHORT TITLE:<br>Minassian v. Josef Essavi, et al. | CASE NUMBER:<br>23BBCV01400 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

and DOES 1 through 50, inclusive

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-260(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**