JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN MINASSIAN,<br><br>               Plaintiff,<br><br>    v.<br><br>JOSEF ESSAVI, et al.<br><br>               Defendants. | Case No. 2:23-cv-06603-FLA (AJRx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HEARING DATE [DKTS. 11, 14]** |

1

## **RULING**

Before the court is Plaintiff Armen Minassian's ("Plaintiff") Motion to Remand (the "Motion"). Dkt. 11 ("Mot."). Defendant Josef Essavi ("Defendant") opposes the Motion. Dkt. 13 ("Opp'n"). Also before the court is Defendant's ex parte application to continue hearing date. Dkt. 14.

The court finds this matter appropriate for resolution without oral argument and vacates the hearing set for October 6, 2023. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS Plaintiff's Motion, REMANDS the action to the Los Angeles County Superior Court, and DENIES Defendant's ex parte application as MOOT.

## **BACKGROUND**

On June 22, 2023, Plaintiff initiated this action against Defendant and DOES one through 50 in the Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). The Complaint alleges two causes of action—one under the Unruh Civil Rights Act (the "Unruh Act") and one under the California Disabled Persons Act. *Id.*

On August 11, 2023, Defendant removed the action to this court based on alleged subject matter jurisdiction under 28 U.S.C. § 1441(c)(1)(A). Dkt. 1 at 2. Plaintiff filed the instant Motion on September 5, 2023. Mot. Plaintiff argues the court lacks jurisdiction because the Complaint pleads no federal cause of action. *See id.*

Defendant failed to file timely an opposition by September 15, 2023, the deadline by which he was required to do so. On September 19, 2023, Plaintiff filed a Reply, noting Defendant's failure to file an opposition, and requesting his Motion be granted in full. Dkt. 12. On that same day, Defendant filed an Opposition. Opp'n. Defendant argues this court has jurisdiction to hear the action because the "question of the allegations of [the Unruh Act and the California Disabled Persons Act] is inextricably bound up with the federal question of whether the defendant violated

2

federal law as stated on the face of the complaint, the American[s with] Disabilities Act ('ADA')." *Id.* at 3.

Defendant also filed an ex parte application to continue the hearing date for Plaintiff's Motion and requesting relief for his failure to file timely an opposition. Dkt. 14.  Defendant's counsel states he will be unavailable for the currently scheduled Motion hearing date in observance of several religious holidays. *Id.* at 2.  Counsel also represents that he failed to file timely an opposition due to several ongoing personal health concerns. *Id.* at 3–4.

The court exercises its discretion to consider Defendant's Opposition on the merits.

## DISCUSSION

### I. Legal Standard

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have jurisdiction where an action arises under federal law.  28 U.S.C. § 1331.  An action "arises under" federal law only if a federal question appears on the face of the complaint. *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985).

### II. Analysis

Plaintiff argues that this action does not arise under federal law because the Complaint does not implicate any federal question.  Mot. at 3.  Rather, the Complaint alleges only two state law causes of action.  *See* Compl.

In response, Defendant cites to *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir.

2021), for the proposition that the "Unruh Act borrows the ADA's substantive standards as the predicate for its cause of action, but expands the remedies available as a private action." Opp'n at 3. Defendant, however, omits the full quotation from *Arroyo*, which states as follows: "Given that the Unruh Act borrows the ADA's substantive standards as the predicate for its cause of action, a federal forum is readily available *simply by pairing the Unruh Act Claim with a companion ADA claim* for injunctive relief." 19 F.4th at 1211 (citing 28 U.SC. § 1331) (emphasis added). *Arroyo* involved claims for both violations of the ADA (federal law) and the Unruh Act (state law), but did not require federal courts to exercise jurisdiction over a case involving solely state law.

The court agrees with Plaintiff that the Complaint states no federal cause of action and therefore finds that it lacks jurisdiction.

## **CONCLUSION**

The court determines Defendant fails to defeat the presumption that the court lacks jurisdiction over the instant action. The court, therefore, GRANTS the Motion and REMANDS the action to the Los Angeles County Superior Court, Case No. 23BBCV01400. Plaintiff's request for attorney's fees is DENIED. All dates and deadlines in this court are VACATED. Defendant's ex parte application (Dkt. 14) is DENIED as MOOT. The clerk of court is instructed to close this action administratively.

IT IS SO ORDERED.

Dated: September 27, 2023

 _____
 FERNANDO L. AENLLE-ROCHA
 United States District Judge